IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES WILLIAM TIGNOR,

    Petitioner,                    No. 2:11-cv-0314 JAM JFM (HC)

    vs.

M. D. MCDONALD, Warden,

    Respondent.              ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2007 conviction on fourteen criminal counts, including forcible oral copulation, forcible sodomy, rape, false imprisonment, felon in possession of a firearm, assault with a deadly weapon (a knife), criminal threat, assault with a deadly weapon (a firearm), misdemeanor domestic violence, felon in possession of ammunition, and forcible penetration with a foreign object. Lodged Document No. 1, Appellant's Opening Brief in the California Court of Appeal for the Third Appellate District, filed April 15, 2011, at 1-2. Petitioner also admitted a prior prison term. Id. at 2. Petitioner was sentenced to 72 years and 4 months in prison. Id.

        This action is proceeding on petitioner's amended petition, filed March 31, 2010. Petitioner raises thirty claims in the petition, as follows:

1

1    Ground One:  Violation of due process when trial court refused to recuse himself
2    for potential bias.
3    Ground Two:  Trial court error in allowing petitioner to be viewed by jury in
4    handcuffs and leg chains.
5    Grounds Three through Five, Ten, Fourteen, Fifteen, Seventeen, Twenty-Two,
6    Twenty-Five, and Twenty-Six:  Ineffective assistance of trial counsel.
7    Ground Six:  Denial of access to evidence that could have been used to impeach
8    the victim.
9    Ground Seven:  Error in jury instructions.
10   Ground Eight:  Trial court error and ineffective assistance of counsel in allowing a
11   witness to testify to procedures used by another criminalist.
12   Grounds Nine, Eleven:  Violation of due process by improper admission of
13   evidence.
14   Ground Twelve:  Insufficient evidence linking petitioner to ammunition found on
15   grounds around his residence.
16   Grounds Thirteen, Sixteen, Twenty-Two, and Twenty-Three:  Ineffective
17   assistance of appellate counsel.
18   Ground Eighteen:  Violation of due process in conflict between petitioner and trial
19   counsel.
20   Ground Nineteen:  Violation of due process and ineffective assistance of counsel
21   when petitioner was denied opportunity to cross-examine a witness whose out of court
22   statements were admitted into evidence.
23   Ground Twenty:  Miranda violation.
24   Ground Twenty-One:  Petitioner was not competent to stand trial.
25   Ground Twenty-Four:  Violation of due process in trial court's refusal to convene
26   a Marsden hearing and/or to appoint independent counsel to explore a new trial motion.

1  Grounds Twenty-Seven, Twenty-Eight and Thirty: Juror and jury voir dire bias
2 and error.

3  Ground Twenty-Nine: Violation of Right to speedy trial.
4 Amended Petition at 4-22.

5  In the answer, respondent contends that petitioner's claims are unexhausted. In
6 support of this contention, respondent points to the fact that the California Supreme Court denied
7 petitioner's state habeas corpus petition in which all but one of the claims at bar were raised with
8 a citation to People v. Duvall, 9 Cal.4th 464, 474 (1995). Respondent argues that the citation to
9 Duvall shows that the court found petitioner's claims had not been pleaded with sufficient
10 particularity, that the Duvall rule permits refiling of a sufficient petition in the state courts, and
11 that petitioner's claims are unexhausted because he did not file a renewed petition in the
12 California Supreme Court curing the defects. Respondent contends that this court can
13 nonetheless deny the petition because none of petitioner's claims are "colorable." Citing to
14 Cassett v. Stewart, respondent argues that petitioner's claims can nonetheless be denied on the
15 merits because they are not "colorable".[1] Respondent has not expressly waived the exhaustion
16 requirement. Cf. 28 U.S.C. § 2254(b)(3).

17  Respondent also contends that petitioner has failed to demonstrate that he
18 suffered any prejudice as a result of any alleged instance of ineffective assistance of counsel due
19 to the overwhelming weight of the evidence against him. In addition, respondent contends that
20 the state court of appeals' determination that the trial court did not err in failing to conduct a
21 Marsden hearing was not unreasonable. The latter claim was presented to the California
22 Supreme Court in petitioner's petition for review on direct appeal and denied by that court. See
23 Lodged Document Nos. 5 and 6.
24 /////

---

[1] Respondent also contends that petitioner's allegations do not rise to the level of colorable claims and that the petition should therefore be summarily dismissed.

After review of the record, and good cause appearing, the court finds that the petition at bar is not completely unexhausted. At least the claims that were presented in petitioner's petition for direct review to the California Supreme Court are fully exhausted. See Lodged Documents 5 and 6. Moreover, the petition is not subject to summary dismissal or denial on the merits due to the absence of any colorable claim.

The petition may, however, be a mixed petition containing one or more unexhausted claims. The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. The petition may also contain one or more claims that are not "colorable" within the meaning of controlling jurisprudence. See West v. Ryan, 608 F.3d 477, 485 (9th Cir. 2010) (citing Schriro v. Landrigan, 550 U.S. 465, 474 (2007) ("To allege a colorable claim, [a petitioner] must allege facts that, if true, would entitle him to habeas relief.") At this juncture, the briefing is inadequate to permit the court to make either determination.

Good cause appearing, respondent will be directed to file, within thirty days, a motion to dismiss seeking dismissal, as appropriate, of the amended petition as a mixed petition, of specific claims as not colorable, or both. Respondent must support the motion with specific analysis of each claim that he contends is unexhausted or not colorable. Respondent's motion shall be briefed in accordance with the provisions of Local Rule 230(l).

On May 2, 2011, and May 6, 2011, petitioner filed motions for issuance of subpoenas. Petitioner seeks the subpoenas in support of six of his thirty claims for relief. Petitioner has not filed a motion for leave to conduct discovery. Cf. Rule 6, 28 U.S.C. foll. § 2254. Until the court has determined whether the amended petition is a mixed petition containing one or more unexhausted claims, or whether the amended petition contains any

/////

1 claims which are not colorable, the court will not entertain any request to conduct discovery in this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order respondent shall file a motion to dismiss in accordance with this order.  Respondent's motion shall be briefed in accordance with the provisions of Local Rule 230(l).

2. Petitioner's May 2, 2011 and May 6, 2011 motions for issuance of subpoenas are denied.

DATED: October 11, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
tign0314.o