IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES WILLIAM TIGNOR,

    Petitioner,        No. 2:11-cv-0314 JAM JFM (HC)

  vs.

M. D. MCDONALD, Warden,

    Respondent.       ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2007 conviction on fourteen criminal counts, including forcible oral copulation, forcible sodomy, rape, false imprisonment, felon in possession of a firearm, assault with a deadly weapon (a knife), criminal threat, assault with a deadly weapon (a firearm), misdemeanor domestic violence, felon in possession of ammunition, and forcible penetration with a foreign object. Lodged Document No. 1, Appellant's Opening Brief in the California Court of Appeal for the Third Appellate District, filed April 15, 2011, at 1-2. Petitioner also admitted a prior prison term. Id. at 2. Petitioner was sentenced to 72 years and 4 months in prison. Id.

        This action is proceeding on petitioner's amended petition, filed March 31, 2010, in which petitioner raises thirty claims. By order filed October 11, 2011, respondent was directed to file a motion to dismiss seeking dismissal, as appropriate, of the amended petition as a mixed

petition, of specific claims as not colorable, or both. On November 10, 2011, respondent filed a motion to dismiss. On December 5, 2011, petitioner filed a motion styled as a "Motion for Leave to Amend to Exhaust State Remedies." The court construes this a motion to hold the petition in abeyance pending exhaustion of state court remedies. Good cause appearing, respondent will be directed to file a brief addressing whether this action should be held in abeyance while petitioner exhausts state court remedies as to his unexhausted claims.

On December 1, 2011, petitioner filed his fourth motion for appointment of counsel. All of petitioner's previous motions have been denied. As the court has explained, there is no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court still does not find that the interests of justice would be served by the appointment of counsel at the present time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 5, 2011 motion is construed as a motion to hold these proceedings in abeyance. Within thirty days from the date of this order respondent shall file a brief addressing whether this action should be held in abeyance while petitioner exhausts state court remedies as to his unexhausted claims. Petitioner may file a reply brief within fifteen days thereafter.

2. Petitioner's December 1, 2011 motion for appointment of counsel is denied.

DATED: December 15, 2011.

UNITED STATES MAGISTRATE JUDGE

12;tign0314.o2