IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES WILLIAM TIGNOR,

    Petitioner,                      No. 2:11-cv-0314 JAM JFM (HC)

    vs.

M. D. MCDONALD, Warden,

    Respondent.                 ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2007 conviction on fourteen criminal counts, including forcible oral copulation, forcible sodomy, rape, false imprisonment, felon in possession of a firearm, assault with a deadly weapon (a knife), criminal threat, assault with a deadly weapon (a firearm), misdemeanor domestic violence, felon in possession of ammunition, and forcible penetration with a foreign object. Lodged Document No. 1, Appellant's Opening Brief in the California Court of Appeal for the Third Appellate District, filed April 15, 2011, at 1-2. Petitioner also admitted a prior prison term. Id. at 2. Petitioner was sentenced to 72 years and 4 months in prison. Id.

        This action is proceeding on petitioner's second amended petition, filed March 31, 2010, in which petitioner raises thirty claims. By order filed October 11, 2011, respondent was directed to file a motion to dismiss seeking dismissal, as appropriate, of the amended petition as

1

a mixed petition, of specific claims as not colorable, or both. On November 10, 2011, respondent filed a motion to dismiss. On December 5, 2011, petitioner filed a motion styled as a "Motion for Leave to Amend to Exhaust State Remedies." By order filed December 16, 2011, the court construed this as a motion to hold the second amended petition in abeyance pending exhaustion of state court remedies and directed respondent to file a brief addressing whether this action should be held in abeyance while petitioner exhausts state court remedies as to his unexhausted claims.

On December 27, 2011, petitioner filed a petition for writ of habeas corpus which was docketed in this action as a third amended petition. On January 17, 2012, respondent filed a document styled as a stipulation to the filing of a third amended petition, a motion to dismiss the third amended petition, and an opposition to petitioner's motion to stay. Respondent's opposition to petitioner's motion to stay focuses only on the claims contained in the petition filed by petitioner on December 27, 2011. On February 1, 2012, petitioner filed a document styled as a motion for clarification of his previous filing and a reply to respondent's opposition to petitioner's motion to stay.

In his motion for clarification, petitioner states that he intended the petition filed on December 27, 2011 to serve as an exhibit in this action, not a third amended petition. Specifically, petitioner states that the document is a copy of a the petition for writ of habeas corpus that he filed in the California Supreme Court, and previously filed with this court in support of his claim number 30. The document filed by petitioner on December 27, 2011 consists of a completed form habeas corpus petition pursuant to 28 U.S.C. § 2254, which was signed and dated by petitioner on December 18, 2011, to which is appended a copy of a state supreme court petition filed by petitioner on September 25, 2009. Good cause appearing, the court will accept petitioner's representation that he intended this document only as an exhibit and will direct the Clerk of the Court to change the docket accordingly. Respondent's January 17, 2012 motion to dismiss the third amended petition will be denied as moot, and the court will, by

this order, set a new briefing schedule for petitioner's December 5, 2011 motion for stay and abeyance.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1. Petitioner's February 1, 2012 motion for clarification is granted;

   2. The Clerk of the Court is directed to edit Docket Number 68 to reflect that the document is an exhibit in support of Claim # 30 in petitioner's second amended petition;

   3. Respondent's January 17, 2012 motion to dismiss is denied as moot; and

   4. Within thirty days from the date of this order respondent shall file a brief addressing whether the second amended petition should be held in abeyance while petitioner exhausts state court remedies as to his unexhausted claims.  Petitioner may file a reply brief within fifteen days thereafter.

DATED: March 30, 2012.

            _____
            UNITED STATES MAGISTRATE JUDGE

12
tign0314.o3