IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES WILLIAM TIGNOR,

    Petitioner,                      No. 2:11-cv-0314 JAM JFM (HC)

    vs.

M. D. MCDONALD, Warden,

    Respondent.                ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2007 conviction on fourteen criminal counts, including forcible oral copulation, forcible sodomy, rape, false imprisonment, felon in possession of a firearm, assault with a deadly weapon (a knife), criminal threat, assault with a deadly weapon (a firearm), misdemeanor domestic violence, felon in possession of ammunition, and forcible penetration with a foreign object.  Lodged Document No. 1, Appellant's Opening Brief in the California Court of Appeal for the Third Appellate District, filed April 15, 2011, at 1-2.  Petitioner also admitted a prior prison term.  Id. at 2.  Petitioner was sentenced to 72 years and 4 months in prison.  Id.

        This action is proceeding on petitioner's second amended petition, filed March 31, 2010, in which petitioner raises thirty claims.  By order filed October 11, 2011, respondent was directed to file a motion to dismiss seeking dismissal, as appropriate, of the amended petition as

1

a mixed petition, of specific claims as not colorable, or both. On November 10, 2011, respondent filed a motion to dismiss. On December 5, 2011, petitioner filed a motion styled as a "Motion for Leave to Amend to Exhaust State Remedies." By order filed December 16, 2011, the court construed this as a motion to hold the second amended petition in abeyance pending exhaustion of state court remedies and directed respondent to file a brief addressing whether this action should be held in abeyance while petitioner exhausts state court remedies as to his unexhausted claims.

On December 27, 2011, petitioner filed a petition for writ of habeas corpus which was docketed in this action as a third amended petition. On January 17, 2012, respondent filed a document styled as a stipulation to the filing of a third amended petition, a motion to dismiss the third amended petition, and an opposition to petitioner's motion to stay. Respondent's opposition to petitioner's motion to stay focuses only on the claims contained in the petition filed by petitioner on December 27, 2011. On February 1, 2012, petitioner filed a document styled as a motion for clarification of his previous filing and a reply to respondent's opposition to petitioner's motion to stay. In the motion for clarification, petitioner stated that he intended the petition filed on December 27, 2011 to serve as an exhibit in this action, not a third amended petition.

By order filed April 2, 2012, the court granted petitioner's motion for clarification; directed the Clerk of the Court to edit the docket to reflect that the document filed December 27, 2011 was an exhibit in support of Claim # 30 in petitioner's second amended petition; denied respondent's January 17, 2012 motion to dismiss as moot; and directed respondent to file within thirty days a brief addressing whether the second amended petition should be held in abeyance while petitioner exhausts state court remedies as to his unexhausted claims. Order filed April 2, 2012, at 3.[1]

---

[1] The court also granted petitioner fifteen days in which to file a reply brief. In view of respondent's response to the April 2, 2012 order, no further response from petitioner is required.

On May 2, 2012, respondent filed a response to the court's April 2, 2012 order. Therein, respondent represents that the California Attorney General now takes the view that the California Supreme Court's denial of a habeas petition solely with a citation to In re Duvall, 9 Cal.4th 464, 474 (1995) is a decision on the merits and is sufficient to exhaust state court remedies with respect to claims so denied. Since petitioner's first state supreme court petition, which raised the claims that respondent previously contended were unexhausted, was denied in this manner, respondent now takes the position that all of the claims raised in the petition at bar are fully exhausted. For that reason, respondent seeks to withdraw the pending motion to dismiss, and requests that petitioner's motion to stay be denied as moot and a new briefing schedule be set for the second amended petition. Good cause appearing, that will be the order of the court.

On May 2, 2012, petitioner filed a motion for appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. For that reason, petitioner's motion for appointment of counsel will be denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's November 10, 2011 motion to dismiss is withdrawn;

2. Petitioner's December 5, 2011 motion for stay and abeyance is denied as moot;

3. Petitioner's May 2, 2011 motion for appointment of counsel is denied without prejudice;

4. Respondent is directed to file an answer to the second amended petition within forty-five days from the date of this order. See Rule 4, Rules Governing Section 2254 Cases. Respondent shall include with the answer any and all transcripts or other documents relevant to

3

the determination of the issues presented in the application.  Rule 5, Rules Governing Section 2254 Cases; and

      5.  Petitioner's traverse, if any, is due on or before thirty days from the date respondent's answer is filed.

DATED: May 8, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
tign0314.o4