IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES WILLIAM TIGNOR,

    Petitioner,                  No. 2:11-cv-0314 JFM (HC)

    vs.

M. D. MCDONALD, Warden,

    Respondent.               ORDER

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on petitioner's second amended petition, entered on the docket on March 31, 2010,[1] in which petitioner raises thirty claims challenging his July 2007 conviction on multiple state criminal charges. Several motions are pending before this court.

        Petitioner has filed three motions "to enter exhibits", two motions for discovery, and two motions for appointment of counsel.[2]

---

[1] The action was transferred to this court from the United States District Court for the Northern District of California by order filed January 20, 2011.

[2] In addition, petitioner has filed a motion to "clarify" one of his motions to enter exhibits, and a motion for a copy of Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts (hereafter Habeas Rules). In his motion to clarify, petitioner contends that his first

1

1    There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. For that reason, petitioner's motions for appointment of counsel will be denied without prejudice.

On May 21, 2012, June 1, 2012, and June 7, 2012, petitioner filed documents styled as motions to enter exhibits in this action. The first motion is accompanied by a mixture of argument in support of his claims, documents from the state court record, pages from petitioner's California Department of Corrections and Rehabilitation (CDCR) medical file, unsigned declarations, and declarations signed by petitioner and one other individual.[3] The second and third motions are accompanied by phone bills allegedly demonstrating calls in July 2007 from petitioner's family to an investigative service and four other calls made in February 2007.

/////

---

motion to enter exhibits, which was docketed in this action as a motion to expand the record, is brought pursuant to Fed. R. Civ. P. 15 and should be resolved by the standards that apply to a motion to amend under that rule. Petitioner is informed that motions to add documentary evidence in a habeas action are governed by standards for expanding the record set forth in 28 U.S.C. § 2254(e) and Rule 7 of the Habeas Rules. The motion was properly docketed, and petitioner's motion to clarify will be denied. Petitioner's motion regarding Rule 8(c) will be granted by setting forth the rule in full in this order, as follows:

> **(c) Appointing Counsel; Time of Hearing.** If any evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A. The judge must conduct the hearing as soon as practicable after giving the attorney adequate time to investigate and prepare. These rules do not limit the appointment of counsel under § 3006A at any stage of the proceedings.

Rule 8(c), 28 U.S.C. foll. § 2254.

[3] On May 23, 2012, a notice was issued setting a briefing schedule on this motion. Respondent has not responded to the motion.

2

Evidence not presented to a state court may only be considered in federal habeas proceedings "if, among other things, the factual predicate 'could not have been previously discovered through the exercise of due diligence.' 'A failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel.'" Rhoades v. Henry, 598 F.3d 511, 517 (9th Cir. 2010) (quoting 28 U.S.C. § 2254(e)(2) and Williams v. Taylor, 529 U.S. 420, 432 (2000)).

As noted above, by his first motion petitioner seeks admission of a mixture of documents, some of which were part of the state court record and some of which were not. Most of the documents in the latter category are signed or unsigned declarations.[4] Petitioner has made no showing why the evidence he now seeks to proffer was not tendered to the state courts while he was exhausting state court remedies.[5] None of the extra record evidence tendered by petitioner will be considered. The court will, however, consider all argument made by petitioner in support of his claims and, in connection therewith will review all relevant documents from the state court proceedings. Petitioner's May 21, 2012 motion will be granted as to all documents contained therein that are part of the state court record and denied as to all extra record documents.

By his second and third motions, petitioner seeks admission of the 2007 telephone records to support claims three and seventeen of the petition. In claim three, petitioner contends that he received ineffective assistance of trial counsel when counsel chose not to investigate petitioner's personal friendship with a deputy district attorney. In claim seventeen, petitioner contends that he received ineffective assistance of trial counsel when counsel did not take seriously some of petitioner's contentions and evidence gathered by a private investigator hired

---

[4] It is not clear that any of the declarations would be admissible under general rules of evidence; certainly the unsigned declarations would not be.

[5] This action was originally filed in February 2009 and was stayed for almost a year pending exhaustion of state court remedies.

3

by petitioner to provide proof of those contentions. It is apparent that the factual basis for both of these claims was known to petitioner at the time of his 2007 criminal trial, and he has made no showing why the evidence he now seeks to proffer was not tendered to the state courts while he was exhausting state court remedies. Petitioner's June 1, 2012 and June 7, 2012 motions will be denied.

Finally, petitioner has filed two motions to conduct discovery. Rule 6 of the Habeas Rules provides in relevant part that "[a] judge may, for good cause, may authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extend of discovery." Rule 6(a), 28 U.S.C. foll. § 2254. "A party requesting discovery must provide reasons for the request. The request must also . . . specify any requested documents." Rule 6(b), 28 U.S.C. foll. § 2254.

Petitioner's first motion contains only general statements concerning petitioner's asserted need for discovery and does not meet the requirements of Rule 6(b) of the Habeas Rules. It will therefore be denied.

In his second motion, petitioner contends that he needs letters that he wrote to the Tehama County Court to notify the court of an alleged conflict of interest between petitioner and his court-appointed lawyer, and that the Tehama County Court Clerk will not release copies of letters petitioner wrote advising the court of the alleged conflict, and requesting a <u>Marsden</u> hearing and a change of venue. Petitioner also claims that an investigator is necessary to interview people in connection with his thirtieth claim for relief. Petitioner has not shown good cause for the requested discovery. His second motion will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's May 21, 2012 motion to expand the record (Docket No. 76) is granted in part and denied in part;

2. Petitioner's May 24, 2012 motion (Docket No. 78) is granted;

/////

3.  Petitioner's May 25, 2012 motion to conduct discovery (Docket No. 79) is denied;

4.  Petitioner's May 25, 2012 and July 18, 2012 motions for appointment of counsel (Docket Nos. 79 and 85) are denied without prejudice;

5.  Petitioner's June 1, 2012 motion to enter exhibits (Docket No. 80) is denied;

6.  Petitioner's June 6, 2012 motion to clarify (Docket No. 81) is denied; and

7.  Petitioner's July 18, 2012 motion for discovery is denied.

DATED: August 23, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
tign0314.mos

5