UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TIGNOR, | No. 2:11-cv-0314 JAM AC |
| Petitioner, | |
| v. | ORDER |
| M.D. MCDONALD, | |
| Respondent. | |

This matter comes before the Court on petitioner's motion for reconsideration of the denial of his habeas corpus petition as well as his request for an extension of time to file a request for a certificate of appealability. ECF No. 115. This motion was filed by petitioner's newly retained counsel. See ECF No. 115 at 3. Respondent has filed an opposition to the motion. ECF No. 117. For the reasons stated herein, the motion will be denied.

I.   Motion to Reconsider

On November 6, 2013 this court adopted the magistrate judge's findings and recommendations and entered a final order denying petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner, proceeding pro se, filed three separate pleadings captioned "notice of appeal" on November 26, 2013.[1] ECF Nos. 107-109. The motion to

---

[1] These pleadings were constructively filed using the prison mailbox rule on November 21, 2013 and November 23, 2013, well within the thirty day window to appeal the final judgment in this case. See Houston v. Lack, 487 U.S. 266 (1988); Fed. R. App. P. 4(a)(1).

1

reconsider was filed by counsel on December 18, 2013, more than 28 days after final judgment was entered. See Fed. R. Civ. P. 59(b).  Therefore, the court construes the motion to reconsider as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  So construed, the motion will be denied because this court no longer has jurisdiction.  Once the petitioner files a notice of appeal, it divests the district court of jurisdiction to consider a Fed. R. Civ. P. 60(b) motion that is filed more than 28 days after the entry of judgment.  See Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004) (relying on Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772-73 (9th Cir. 1986)).  In such a case the petitioner must ask the district court if it will entertain the Fed. R. Civ. P. 60(b) motion and, if so, then ask the Ninth Circuit to remand the case to the district court.  See Williams, 384 F.3d at 586.  No such procedure was followed in this case.

II.     Request for an Extension of Time

Since this court does not have jurisdiction over the Rule 60(b) motion, it, likewise, does not have jurisdiction to grant any extension of time to file a request for a certificate of appealability. While counsel for petitioner indicates that the habeas corpus petition was "summarily denied by the United States District Court, and in its denial the Court expressly prohibited issuance of a certificate of appealability, it should be noted that this Court found that petitioner failed to meet the requirements of 28 U.S.C. § 2253(c)(2) for the issuance of a certificate of appealability.  See ECF No.115 at 4 (petitioner's motion); ECF No. 105 (court order declining to issue a COA).   Petitioner has the statutory right to file a request for a certificate of appealability directly with the United States Court of Appeals for the Ninth Circuit. See 28 U.S.C.  § 2253(c)(1) (authorizing a circuit justice or judge to issue a certificate of appealability). Therefore, petitioner's motion for any extension of time to file a certificate of appealability should be filed in the Ninth Circuit, where petitioner's appeal is currently pending.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for reconsideration (ECF No. 115) is denied based on lack of jurisdiction.

////

DATED: January 29, 2014

/s/ John A. Mendez

UNITED STATES DISTRICT COURT JUDGE